IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| RODRICK G. DeROCK, | |
|---|---|
| Plaintiff, | Case No. 1:12-CV-024-BLW |
| v. | **MEMORANDUM DECISION AND ORDER** |
| BOISE CITY, and ADA COUNTY HOUSING AUTHORITY, | |
| Defendant. | |

**MEMORANDUM DECISION**

The Ninth Circuit remanded this case after affirming in part and reversing in part the Court's decisions regarding the ten consolidated cases. The Circuit held that the Court did not abuse its discretion in denying leave to amend in nine cases, but only affirmed in part the Court's decisions in a tenth case, *DeRock v. Boise City,* 1:12-cv-00024-BLW. In that case, the Circuit affirmed the Court's decision to deny leave to amend DeRock's conspiracy claims against defendant Boise City/Ada County Housing Authority.

But the Circuit also held that the Court should have granted leave to amend DeRock's disability discrimination claims against defendant Boise City/Ada County Housing Authority. The Circuit directed this Court to consider that issue and two others on remand:

As a pro se litigant, DeRock should have received notice of any defects in his disability discrimination claims and an opportunity to amend. It appears that DeRock may be attempting to allege that he suffered from a qualifying disability and that the Boise City/Ada County Housing Authority failed to reasonably accommodate that disability when it refused to waive the rent on his therapeutic bedroom. Accordingly, we reverse and remand as to DeRock's disability discrimination action against defendant Boise City/Ada County Housing Authority so that DeRock may receive notice of any defects and an opportunity to amend with the benefit of that notice. On remand, the district court should also consider the merits of DeRock's motion for appointment of counsel, which it previously denied as moot. Moreover, the pre-filing restriction that the district court entered against DeRock was not narrowly tailored to DeRock's vexatious filing of lawsuits regarding his rental dispute and his re-litigation of previously dismissed claims. On remand, the district court may enter another pre-filing order consistent with this disposition.

See *DeRock v Sprint-Nextel et al,* 2015 WL 1063059 (9th Cir. March 12, 2015).

The Court will now address the three issues remanded to this Court.

**<u>Leave To Amend</u>**

The Court will grant leave to DeRock to allege that he suffered from a qualifying disability and that the Boise City/Ada County Housing Authority failed to reasonably accommodate that disability when it refused to waive the rent on his therapeutic bedroom. The failure to accommodate a disability might make out a claim under Title II of the Americans with Disabilities Act. The case of *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1060 (9th Cir. 2007) sets forth the elements necessary to plead such a claim. Under that case, DeRock must allege that:

> (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability.

*Id.* at 1060. DeRock needs to amend his complaint to allege each of these elements. For example, DeRock needs to identify with specificity his disability. He needs to explain what program he is entitled to receive and how he is being excluded from that program. Finally, he needs to explain how his exclusion is the result of his disability. The Amended Complaint presently on file does not clearly explain these elements and is subject to dismissal unless DeRock's amendment cures that defect.

DeRock may also be seeking to allege a claim under § 504 of the Rehabilitation Act. To make that claim, DeRock must allege that:

> (1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance.

*Id.* Once again, DeRock needs to describe his disability and explain what benefits he was denied because of his disability. The Court cannot understand from the current Amended Complaint whether DeRock is adequately describing and explaining these items.

**Memorandum Decision & Order – page 3**

Finally, DeRock may be seeking to allege a claim under the Fair Housing Amendments Act of 1988. To make this claim, DeRock must allege:

> (1) he suffers from a handicap as defined by the FHAA; (2) the City "knew or reasonably should have known of" his handicap; (3) "accommodation of the handicap may be necessary to afford [DeRock] an equal opportunity to use and enjoy [his] dwelling;" and (4) the City refused to make such accommodation.

*McGary,* 386 F.3d at 1262. Here again, DeRock must identify his handicap, the accommodation necessary, and how the City refused to make that accommodation.

If DeRock cannot amend his complaint to more clearly explain how he satisfies each of these elements, his complaint will be dismissed. The Court will grant DeRock 30 days to file a new amended complaint.

## **Application to Proceed In Forma Pauperis & Appointment of Counsel**

The Court previously denied as moot DeRock's application to proceed in forma pauperis because he failed to state a claim. But the Court must now reconsider that decision pursuant to the remand from the Circuit. Upon reconsideration, the Court finds that the application sets forth good grounds for proceeding in forma pauperis, and the Court will therefore waive any filing fee.

DeRock has also filed a motion for appointed counsel. Generally, a person has no right to counsel in civil actions. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Id.* When

determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* Neither of these considerations is dispositive and instead must be viewed together. *Id.*

The single claim that may remain in this case, if properly pled, is DeRock's apparent allegation that he suffered from a qualifying disability and that the Boise City/Ada County Housing Authority failed to reasonably accommodate that disability when it refused to waive the rent on his therapeutic bedroom. When DeRock drafts his own pleadings, they are often too confusing to understand. But he might have a claim here. The Court therefore finds exceptional circumstances, and will grant his motion.

The Court will direct the Clerk to attempt to find pro bono counsel for DeRock. The Clerk shall report to the Court on a regular basis the status of its search for counsel.

**Vexatious Filings**

In its earlier decision, the Court ordered that "DeRock is required to obtain approval of the court before filing any further complaints." The Circuit held that this pre-filing restriction "was not narrowly tailored to DeRock's vexatious filing of lawsuits regarding his rental dispute and his re-litigation of previously dismissed

**Memorandum Decision & Order – page 5**

claims." *See De Long v. Hennessey*, 912 F.2d 1144, 1146–48 (9th Cir. 1990) (setting forth standard of review and discussing the four factors for imposing pre-filing restrictions). The first *De Long* criteria examines whether the petitioner has a history of filing frivolous cases. The most recent Circuit decision affirmed this Court's finding that nine of his cases were frivolous, and that satisfies this element.

*De Long* also examines whether the petitioner has had an opportunity to contest the frivolous finding. Here, DeRock had an opportunity to contest the Court's prior restriction before the Circuit, and at most obtained a decision that required a narrower restriction, but did not obtain a decision reversing the restriction altogether.

For all these reasons, the Court finds that a pre-filing restriction is appropriate under the *De Long* standards. The Court will narrow that restriction so that it only applies to further lawsuits regarding his rental dispute and any re-litigation of previously dismissed claims.

## ORDER

Pursuant to the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the plaintiff DeRock is given leave to amend a single claim in this case: That he suffered from a qualifying disability and that the Boise City/Ada County Housing Authority failed

to reasonably accommodate that disability when it refused to waive the rent on his therapeutic bedroom.

IT IS FURTHER ORDERED, that his amended application for leave to proceed in forma pauperis (docket no. 11) is GRANTED and he may proceed without payment of the filing fee.

IT IS FURTHER ORDERED, that his motion for appointment of counsel (docket no. 9) is GRANTED. The Clerk shall take the steps necessary to attempt to obtain pro bono counsel for DeRock. The Clerk shall report to the Court on a regular basis the status of that search for counsel.

IT IS FURTHER ORDERED, that within sixty (60) days from the date of this decision, counsel shall be secured for DeRock, if possible, and DeRock shall file his amended complaint. This deadline may be extended for good cause shown.

IT IS FURTHER ORDERED, that DeRock is required to obtain approval of the Court before filing any further lawsuits regarding his rental dispute and any re-litigation of previously dismissed claims.

DATED: April 16, 2015

B. Lynn Winmill
Chief Judge
United States District Court