UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RODRICK GORDON DEROCK,<br><br>                 Plaintiff,<br><br>v.<br><br>BOISE CITY and ADA COUNTY HOUSING AUTHORITY,<br><br>                 Defendants. | Case No. 1:12-cv-00024-BLW-LMB<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Plaintiff Rodrick DeRock's motion to disqualify the Honorable B. Lynn Winmill as the presiding judge in this matter has been referred to the undersigned magistrate judge[1] for consideration. (Dkt. 30.) Plaintiff's motion, filed on February 29, 2016, is based upon his argument that Judge Winmill is biased against him because he filed a judicial misconduct complaint against Judge Winmill on or about May of 2014, and again

---

[1] The motion is appropriately considered a nondispositive motion under 28 U.S.C. § 636(b)(1), and may be decided by the undersigned without a report and recommendation. *See Parkinson v. U.S.*, 175 F.Supp.2d 1233, 1236-37 (D. Idaho 2001) (denying objection to Magistrate Judge Williams's order denying motion to recuse District Judge Lodge); *Murray v. I.R.S.*, 923 F.Supp.1289, 1291 (D. Idaho 1996) (denying objection to Magistrate Judge Boyle's order denying motion to recuse).

**MEMORANDUM DECISION AND ORDER  - 1**

on July 28, 2015.[2] DeRock explains that he has protested continuously against Judge Winmill outside of the Ada County Courthouse and other government buildings with signs alleging Judge Winmill is corrupt and should be sent to prison. DeRock maintains a website posting details of his ongoing efforts related to his complaints against Judge Winmill, and contends that Judge Winmill's awareness of DeRock's actions and public protests has "created a situation in which Judge Winmill's impartiality toward [him] in this lawsuit might reasonably be questioned."

## BACKGROUND

DeRock is a frequent filer in this Court. This matter arises out of ten cases[3] : (1) *DeRock v. Sprint-Nextel*, 1:11-cv-00619-BLW-LMB; (2) *DeRock v. Boise City, et al*, 1:12-cv-00024-BLW-LMB; (3) *DeRock v. Boise City Attorney's Office*, et al, 1:12-cv-00168-BLW-LMB; (4) *DeRock v. Hous. and Urban Dev.*, 1:12-cv-00169-BLW-LMB; (5) *DeRock v. Boise City Police Dept.*, 1:12-cv-00176-BLW-LMB; (6) *DeRock v. DeKelley*, 1:12-cv-00177-BLW-LMB; (7) *DeRock v. Legal Aid*, 1:12-cv-00301-BLW-LMB; (8) *DeRock v. Intermountain Fair Hous. Council*, 1:12-cv-00305-BLW-LMB; (9) *DeRock v. Idaho Depart. Of Health & Welfare*, 1:12-cv-00316-BLW-LMB; and (10) *DeRock v. Living Independence Network Corp.*, 1:12-cv-00339-BLW-LMB.

On July 20, 2012, District Judge B. Lynn Winmill consolidated all ten cases for ease of administration, and directed that anything further filed in any of the cases would be filed under the lead case, *DeRock v. Sprint-Nextel*, 1:11-cv-00619-BLW-LMB. In the

---

[2] This matter is currently referred to Magistrate Judge Larry M. Boyle. Judge Winmill, however, referred the motion to disqualify to the undersigned.
[3] DeRock has filed other cases as well. Those include *DeRock v. Housing and Urban Development*, 1:11-cv-00133-MHW, and *DeRock v. Boise Police Department*, 1:11-cv-00138-MHW, both of which were dismissed as frivolous.

**MEMORANDUM DECISION AND ORDER - 2**

lawsuits, DeRock alleged a conspiracy centered upon an ongoing dispute he had regarding an increase of $64 in rent at his place of residence. The common theme running throughout all ten cases was an alleged conspiracy by the defendants named in each action to have him evicted or unlawfully increase his rent.

On August 9, 2012, Magistrate Judge Larry M. Boyle issued a report and recommendation that all ten of DeRock's complaints be dismissed with prejudice, and that a vexatious litigant order be entered. On September 26, 2012, Judge Winmill adopted the report and recommendation, dismissed all ten cases, denied DeRock's requests to proceed in forma pauperis, and ordered DeRock to obtain approval of the Court before filing any new complaints. (Case No. 1:11-cv-00619 Dkt. 15.)

DeRock sought again to file eleven complaints, all of which were identical to the previous ten complaints, with the addition of a motion to disqualify Judge Winmill. (*See* Case No. 1:11-cv-00619-BLW-LMB). The Court denied DeRock permission to file the complaints on June 22, 2014, which order DeRock appealed to the United States Court of Appeals for the Ninth Circuit. The Ninth Circuit affirmed Judge Winmill's order denying DeRock in forma pauperis status on the grounds that the additional eleven complaints were frivolous. Included in its order, the Ninth Circuit stated also that it rejected, as lacking any factual basis, DeRock's conclusory contentions that the district judge was covering up crimes being committed against DeRock by denying him permission to file the additional eleven related actions. (Mem. of USCA, September 4, 2014, Case No. 1:11-cv-00619-BLW-LMB (Dkt. 35.)).

**MEMORANDUM DECISION AND ORDER - 3**

Meanwhile, DeRock appealed the order by Judge Winmill entered on September 26, 2012, which dismissed the first ten complaints. The Ninth Circuit issued a written decision on March 12, 2015, regarding the September 26, 2012 Order, affirming dismissal of nine of the ten cases, and in case number 1:12-cv-0024, affirming in part, reversing in part, and remanding the matter to the Court. The Ninth Circuit found that the Court properly dismissed nine of the ten actions as either frivolous or for failure to state a claim, because DeRock made unsupported legal conclusions and fanciful allegations in those complaints. The Ninth Circuit further found that the Court did not abuse its discretion in denying leave to amend in all of these actions on the grounds of futility, other than in *DeRock v. Boise City*, 1:12-cv-0024-BLW-LMB.

The appellate court explained that leave to amend DeRock's disability discrimination claims (but not his conspiracy claims) against the City of Boise should have been granted because amendment was not necessarily futile. Accordingly, the Ninth Circuit reversed and remanded Case No. 1:12-cv-0024-BLW-LMB as to DeRock's disability discrimination action against defendant Boise City/Ada County Housing Authority. The Ninth Circuit addressed also the Court's pre-filing restriction, as it was not narrowly tailored to DeRock's vexatious filing of lawsuits regarding his rental dispute and re-litigation of previously dismissed claims.[4] The court further rejected DeRock's contentions concerning Judge Winmill's alleged involvement in a cover-up or conspiracy against him.

---

[4] Upon reconsideration of its vexatious litigant order, the Court narrowed its restriction, and the vexatious litigant order on file in this Court applies to further lawsuits regarding DeRock's rental dispute and any re-litigation of previously dismissed claims related thereto.

**MEMORANDUM DECISION AND ORDER - 4**

Upon remand of Case No. 1:12-cv-0024-BLW-LMB and reopening of the same, the Court on April 16, 2015, issued an order allowing DeRock to file an amended complaint against the Boise City/Ada County Housing Authority for failure to accommodate his disability, and set forth the standard to follow under various, potentially applicable, statutory authorities. (Dkt. 23.) The Court granted DeRock's in forma pauperis request and his request for counsel. The Court also directed the Clerk to attempt to find pro bono counsel for DeRock, and ordered DeRock to file an amended complaint within 60 days.

On January 11, 2016, attorney Joseph Aldridge filed a notice of appearance on behalf of DeRock. (Dkt. 26.) Mr. Aldridge next filed the instant motion to disqualify Judge Winmill on February 29, 2016. (Dkt. 29.) DeRock filed his amended complaint on March 8, 2016, (Dkt. 31), and Defendants, upon receipt of the summons and complaint, filed a waiver of service. (Dkt. 33.)

In the judicial misconduct complaint filed against Judge Winmill in Case No. 1:15-cv-00291-CWD, DeRock sought in forma pauperis status to proceed with his lawsuit against Judge Winmill for covering up a conspiracy against his rights based upon the Ninth Circuit's remand of this matter, Case No. 1:12-0024-BLW-LMB. Within his complaint, DeRock re-asserted the claims previously asserted in the ten cases consolidated under Case No. 1:12-cv-00619 regarding his rent dispute.

**MEMORANDUM DECISION AND ORDER  - 5**

In a memorandum decision and order issued on August 10, 2015,[5] the undersigned dismissed DeRock's complaint against Judge Winmill with prejudice and without leave to amend on the ground that the doctrine of absolute immunity barred DeRock's conspiracy claims asserted against Judge Winmill.

Now, it appears DeRock has taken an end run, seeking to disqualify Judge Winmill in the instant lawsuit, contending that Judge Winmill is prejudiced or biased against him because of DeRock's protest activities, including the filing of the two judicial misconduct cases against Judge Winmill.

## DISCUSSION

28 U.S.C. § 455(a) requires any judge or magistrate judge of the United States to disqualify him or herself in any proceeding in which his or her impartiality might reasonably be questioned. Recusal whenever a judge has a "personal bias or prejudice concerning a party" is required also by 28 U.S.C. § 144. DeRock questions Judge Winmill's impartiality on the basis of DeRock's protest activities, predominantly upon his allegations that Judge Winmill perpetrated a conspiracy by dismissing the ten consolidated lawsuits that resulted in the remand of this matter to the Court. DeRock essentially does not like the ruling issued by Judge Winmill dismissing the lawsuits, which ruling was upheld by the Court of Appeals for the Ninth Circuit in all but this matter, which was remanded. The matter has been reopened, Judge Winmill issued an

---

[5] DeRock consented to the jurisdiction of a United States Magistrate Judge to enter final orders in case No. 1:15-cv-00291-CWD (Dkt.7). *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

**MEMORANDUM DECISION AND ORDER - 6**

order granting DeRock's request for appointment of pro bono counsel,[6] and counsel has been appointed.

DeRock generally argues that, because of his vociferous displeasure directed at Judge Winmill's prior rulings, which in some manner illustrate the existence of a conspiracy against DeRock, Judge Winmill should recuse himself from this case. DeRock argues also that Judge Winmill is aware of DeRock's ongoing public protests and criticism levied against Judge Winmill. DeRock therefore questions his ability to obtain a fair trial before this tribunal, implicating due process guarantees.

While it is true that due process guarantees a party the right to an impartial forum, this maxim does not give a party the judge of his choice. The standard in determining whether a particular judge is impartial or that his appearance of impartiality cannot be questioned is clear, and it is not applied from the point of view of the parties. Therefore, the fears of the parties are irrelevant. *State of Idaho v. Freeman*, 507 F.Supp. 706, 730 (D. Idaho 1981). Only when a disinterested observer, knowing all the facts, would determine that a judge's appearance of partiality could reasonably be questioned, should a judge disqualify himself under section 28 U.S.C. § 455(a).

Upon examining the background of this matter, the Court finds no reasonable grounds for questioning Judge Winmill's impartiality because of bias or prejudice. The type of bias or prejudice alleged here---that DeRock's public outcry against Judge

---

[6] There was some initial confusion in this matter. The Motion requesting appointment of a private attorney was filed in this matter, Case No. 1:12-cv-024-BLW. However, because Case No. 1:11-cv-00619-BLW-LMB was designated as the lead case, the initial orders related to this matter were filed in Case No. 1:11-cv-619. Judge Winmill issued the order appointing counsel on September 28, 2015, in Case No. 1:11-cv-00619, at Docket 44, and thereafter granted the motion to reopen, and designated Case No. 1:12-cv-024 as the case within which further filings would be made.

**MEMORANDUM DECISION AND ORDER  - 7**

Winmill's rulings in the cases DeRock has filed---will disqualify a judge only if there is evidence of an attitude or state of mind that reflects aversion or hostility of a kind or degree that a fair minded person could not entirely set aside when judging certain persons or causes. *See U.S. v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980). "It is an animus more active and deep-rooted than an attitude of disapproval toward certain persons because of their known conduct, unless the attitude is somehow related also to a suspect or invidious motive such as racial bias or a dangerous link such as a financial interest, and only the slightest indication of the appearance or fact of bias or prejudice arising from these sources would be sufficient to disqualify." *Id.*

Here, there is nothing in Judge Winmill's prior rulings, or any evidence of any public statements directed at DeRock, that would indicate a bias or prejudice sufficient to disqualify him from hearing this matter. *See, e.g., Parkinson v. U.S.*, 175 F.Supp.2d 1233, 1236 (D. Idaho 2001) (denying motion to disqualify, finding plaintiffs had not presented any evidence of personal animosity or bias on the part of Judge Lodge against Plaintiffs, or any evidence that Judge Lodge had acted impartially). Nothing in the record suggests that Judge Winmill is even aware of DeRock's website or his public protests outside of government buildings in and around Boise, Idaho.[7] And, the mere fact that Judge

---

[7] Even if Judge Winmill was aware, mere awareness of DeRock's activities is insufficient to merit disqualification. *See Conforte*, 524 F.2d at 881 (declining to disqualify the presiding judge merely because the judge was aware defendant operated a house of prostitution in town, and defendant had two prior felony convictions.).

**MEMORANDUM DECISION AND ORDER - 8**

Winmill dismissed DeRock's complaints does not provide a basis for questioning his impartiality in presiding over this case upon remand.[8]

## CONCLUSION

The circumstances of this case do not permit a reasonable disinterested observer, knowing all the facts, to conclude that Judge Winmill's appearance of impartiality might reasonably be questioned. To grant DeRock's motion under these circumstances would be an inappropriate application of Section 455(a).

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) Plaintiff's Motion for Disqualification (Dkt. 29) is **DENIED**.

DATED: March 28, 2016

_____
Honorable Candy W. Dale
United States Magistrate Judge

---

[8] Further, the Court in Case No. 1:15-cv-00291-CWD expressly found that the Ninth Circuit rejected DeRock's contentions regarding Judge Winmill's alleged involvement in a cover-up or conspiracy against him, and held that DeRock's complaint alleging judicial misconduct was precluded on the grounds of judicial immunity.

**MEMORANDUM DECISION AND ORDER - 9**