IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| RODRICK G. DeROCK, | |
|---|---|
| Plaintiff, | Case No. 1:12-CV-024-BLW |
| v. | **MEMORANDUM DECISION AND ORDER** |
| BOISE CITY, and ADA COUNTY HOUSING AUTHORITY, | |
| Defendant. | |

## INTRODUCTION

The Court has before it a motion for summary judgment filed by the defendant Boise City Housing Authority, and a motion for relief from the Case Management Order deadlines filed by plaintiff DeRock. The motions are fully briefed and at issue. For the reasons explained below, the Court will grant the motion for summary judgment and deny the motion for relief from the Case Management Order.

## ANALYSIS

Plaintiff DeRock is a mentally disabled participant in Defendant Boise City Housing Authority's Section 8 Housing Voucher Program. When his rent increased by 25% in October, 2011, he filed this lawsuit in 2012. After lengthy proceedings, including an appeal to the Ninth Circuit, a single claim remains: That

Boise City illegally increased DeRock's rent by calculating his rent subsidy under a one-bedroom payment standard rather than a two-bedroom payment standard.

The Court appointed counsel for DeRock in January of 2016, and set a discovery deadline of December 30, 2016 along with a dispositive motion deadline of January 31, 2017. Discovery revealed that Boise City did calculate DeRock's rent subsidy under a two-bedroom payment standard, and thus the single remaining claim in the case has no merit, as DeRock concedes. *See DeRock Brief (Dkt. No. 45)* at p. 2 (stating that "[h]aving now had the benefit of engaging in discovery, Mr. DeRock acknowledges that his payment standard has been calculated at the two-bedroom payment standard throughout his participation in the voucher program"). Boise City accordingly filed the motion for summary judgment now under consideration, seeking to dismiss this remaining claim.

DeRock objects, claiming that questions of fact exist as to whether Mr. DeRock was wrongfully denied the reasonable accommodation of an "Exception Payment Standard" in October, 2011, in violation of the Fair Housing Amendments Act of 1998. This is a brand-new claim, never before asserted in the 5 years of litigation in this case, and alleged months after the discovery deadline closed with no showing of good cause. Moreover, the undisputed evidence shows that DeRock did not qualify for the Exception Payment Standard because his

increased rent amount did not exceed 40% of his income.  *See Patterson Declaration (Dkt No. 47).*

Instead of rebutting this evidence, DeRock filed a motion for relief from the Case Management Order to add yet another new claim to the case, alleging a due process violation.  But he cites no reason for adding the claim months after discovery closed, and five years after this action was filed.  Having shown no good cause, the motion must be denied.

For all these reasons, the Court will grant the motion for summary judgment and deny the motion for relief from the Case Management Order.  The Court will enter a separate Judgment as required by Rule 58(a)

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for relief from Case Management Order (docket no. 46) is DENIED.

IT IS FURTHER ORDERED, that the motion for summary judgment (docket no. 44) is GRANTED.



DATED: August 30, 2017

_____
B. Lynn Winmill
Chief Judge
United States District Court